# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIN K. WILSON,

      Plaintiff,

  v.

ADVANCED URGENT CARE, P.C.,
ADVANCED URGENT CARE OF
MONTGOMERYVILLE, LLC,
INCARE, LLC, MEHDI NIKPARVAR
M.D.,

      Defendants.

No. 4:16-CV-00214

(Judge Brann)

## MEMORANDUM OPINION

### MARCH 14, 2018

## I.    BACKGROUND

On March 8, 2017, I awarded default judgment in Plaintiff's favor against

Defendants Advanced Urgent Care, P.C. (hereinafter "AUC") and Advanced

Urgent Care of Montgomeryville, LLC (hereinafter "AUCOM").  The matter

remains pending as to the principal of the two aforementioned entities, Defendant

Mehdi Nikparvar, M.D.  The remaining Defendant, Incare, LLC, has never been

served with process.

Plaintiff moved for attorney's fees after successfully obtaining default

judgment on her four-count complaint against AUC and AUCOM.  Counts I and II

are Title VII claims; Count III is a False Claims Act cause of action; and Count IV

is brought pursuant to the Pennsylvania Human Relations Act (hereinafter "PHRA").

## II.    DISCUSSION

Plaintiff's counsel, Solomon Z. Krevsky, Esquire is requesting attorney's fees totaling $31,671.25 together with costs of $731.42.

"The 'American Rule' recognizes that each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary."[1] Attorney's fees and expenses may be awarded to a prevailing party in a federal litigation where authorized by statute, court rule, or contract.[2]

The statutes under which Ms. Wilson brought this action authorize recovery of attorney's fees and costs, as follows.  Title VII provides for both attorney's fees and costs.  "Under § 706(k) of Title VII a prevailing plaintiff ordinarily is to be awarded attorney's fees [and costs] in all but special circumstances."[3]  The PHRA provides discretionary authority for courts to award attorney's fees and costs.  "It is within the Court's discretion to award her costs under the PHRA's fee shifting

---

[1]    *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

[2]    *See  Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

[3]    *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 417 (1978) (Stewart, J.), *see also* 42 U.S.C.A. § 2000e-5.

provision."[4]  The False Claims Act provides for "reasonable" attorney's fees and costs.[5]

"The party seeking to recover attorney's fees bears the burden of establishing its right to them."[6] "Even in a default judgment case, therefore, Plaintiff must establish the threshold reasonable lodestar to the Court's satisfaction."[7]  The lodestar formula is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[8] "The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable."[9] "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'"[10] "The amount of the fee, of course, must be determined on the facts of each case."[11] Once the fee petitioner meets this *prima facie* burden, "the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee

---

[4]  *Watcher v. Pottsville Area Emergency Med. Serv., Inc*., 559 F. Supp. 2d 516, 534 (M.D. Pa. 2008) (Caputo, J.) *see also* 43 Pa. Stat. Ann. § 962(c)(4)(c.2).

[5]  See 31 U.S.C.A. § 3730(h)(2).

[6]  *Veneziano v. Long Island Pipe Fabrication & Supply Corp*., 238 F.Supp.2d 683, 695 (D.N.J.2002)

[7]  *Spectrum Produce Distrib., Inc*., at *3.

[8]  *Hensley,* 461 U.S. at 433; *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 554 (1986); *Maldonado v. Houstoun,* 256 F.3d 181, 184 (3d Cir.2001).

[9]  *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990) (Nygaard, J.).

[10]  *Id.* (*quoting Hensley,* 461 U.S. at 433).

[11]  *Hensley,* 461 U.S. at 429–30.

applicants notice, the reasonableness of the requested fee."[12]   Predictably, no

opposing brief has been filed to the fee petition here.

It has been commonly recognized that "the most useful starting point for

determining the amount of a reasonable fee is the number of hours reasonably

expended on the litigation."[13] "The district court should exclude hours that are not

reasonably expended."[14] "Hours are not reasonably expended if they are excessive,

redundant, or otherwise unnecessary."[15]

In the matter at hand, "Mr. Krevsky is submitting a record detailing 111.10

hours of activity logged by himself and his paralegal expended through March 22,

2017."[16]  The Court has reviewed the Mr. Krevsky's billable hours reporting

attached as exhibit to his motion.[17]  It speaks for itself.

It has been recognized that "a district court in a statutory fee case may not

reduce the number of hours claimed by an attorney if the adverse party has

declined to "raise a material fact issue as to the accuracy of representations as to

hours spent, or the necessity for their expenditure."[18]  The reason for this is two-

---

[12]  *Rode*, 892 F.2d at 1183.

[13]  *Hensley,* 461 U.S. at 433.

[14]  *Rode,* 892 F.2d at 1183.

[15]  *Id.*

[16]  ECF No. 36 at ¶ 12.

[17]  ECF No. 36-1 at 9-16.

[18]  *Bell v. United Princeton Properties, Inc*., 884 F.2d 713, 719 (3d Cir. 1989) *quoting Cunningham v. City of McKeesport*, 753 F.2d 262, 267 (3d Cir. 1985), *see e.g. Ward v.*

fold.  "First that *sua sponte* reduction of a fee request deprives the fee applicant of her entitlement to 'to offer evidence in support of the reasonableness of her request.'"[19]  "And second, because statutory fee litigation is adversarial litigation, there is no need to allow the district court to reduce a fee award on its own initiative."[20]  That said, however,

> the District Court has a positive and affirmative function in the fee fixing process, not merely a passive role. It should reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed. The party opposing the fee award has the burden to challenge by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.

---

*Philadelphia Parking Auth.,* 2015 WL 263733, at *8 (E.D. Pa.  21, 2015), *aff'd*, 634 F. App'x 901 (3d Cir. 2015); *and see Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)) ("The district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party.");  *and see ACLF of Delaware v. Dep't of Correction of Delaware,* 2014 WL 4755520, at *5 (D. Del 2014*), report and recommendation adopted sub nom. ACLF of Delaware v. Dep't of Correction, Delaware,* 2014 WL 6657242 (D. Del. Nov. 24, 2014)

 The exception to this general rule is those matters within the judge's personal knowledge, for example, a hearing in court.  *See A minor v. Harrison Twp. Bd. of Educ.,*  2016 WL 4430929, at *3 (D.N.J. Aug. 19, 2016).

[19]  *Id.*

[20]  *Id.*  Moreover, this reasoning applies across contexts.   "The reasoning articulated in Cunningham I with respect to this principle is not unique to the area of civil rights, and we can see no reason to create a different jurisprudence of fee awards in ERISA cases." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 719 (3d Cir. 1989) *Cf. Delaware Valley Citizens' Council for Clean Air v. Pennsylvania,* 762 F.2d 272, 275 (3d Cir.1985) (holding that the same standards apply for setting "reasonable" attorney's fees under the Clean Air Act's fee shifting provision as under 42 U.S.C. § 1988), modified on other grounds, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), rev'd on other grounds, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987); *see also Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 109 S.Ct. 2732, 2735 n. 2, 105 L.Ed.2d 639 (1989).

However, the district court cannot decrease a fee award based on factors not raised at all by the adverse party.[21]

Ms. Wilson was successful on all claims as to Defendants AUC and AUCOM. Accordingly, I deem all hours expended as to these two Defendants to be reasonable. However, because the matter is still pending as to Defendant Nikparvar, I do not find that attorney's fees are presently recoverable as to hours expended on work related solely to him. Although I cannot *sua sponte* reduce the fee award based on hours expended, I may eliminate any 'unreasonable' hours.[22] "A reasonable fee is one which is adequate to attract competent counsel, but which does not produce windfalls to attorneys."[23] "To the extent the affidavit leaves any doubt as to the amount of fees to be awarded, these doubts shall be resolved against an award of fees."[24] Here, Mr. Krevsky's paralegal spent 0.40 hours editing the complaint to add Defendant Nikparvar; Mr. Krevsky spent 0.50 hours reviewing Defendant Nikparvar's answer to the complaint. Because neither of these activities relate to Defendant Nikparvar as the principal of AUC and AUCOM, but instead to his status as an individual defendant, I will reduce the award to eliminate these hours.

---

[21] *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001).

[22] *See Bell, supra.*

[23] *Pub. Interest Research Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995) (internal citation omitted).

[24] *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.,* 2012 WL 2369367, at *3 (D.N.J. June 20, 2012)

"After determining the number of hours reasonably expended, the district court must examine whether the requested hourly rate is reasonable."[25] "Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community."[26] This "forum rate rule" dictates that, generally "an 'out-of-town lawyer would receive not the hourly rate prescribed by his district but rather the hourly rate prevailing in the forum in which the litigation is lodged.'"[27]

In setting a reasonable fee, the district court "necessarily has discretion in making this equitable judgment."[28] "This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."[29] As such, "[a] request for attorney's fees should not result in a second major litigation."[30] "There is no precise rule or formula for making these determinations."[31] The district court need only "provide a concise but clear explanation of its reasons for the fee award" and "make clear that it has considered the relationship between the amount of the

---

[25] *Id.*

[26] *Id* (*citing Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

[27] *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 704 (3d Cir.2005) (Becker, J.) (*quoting Report of the Third Circuit Task Force on Court Awarded Attorney Fees*, 108 F.R.D. 237, 261 (1986)).

[28] *Id.* at 437.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 436.

fee awarded and the results obtained."[32]

I find that the hourly rate requested by Mr. Krevsy is squarely within the rate I have previously set for the Williamsport vicinage of the Middle District of Pennsylvania, and is therefore reasonable.[33]  "Mr. Krevsky seeks payment of his fees at the rate of Three Hundred Dollars ($300.00) per hour."[34] Mr. Krevsky provided affidavits from two attorneys, Larry A. Weisberg, Esquire[35] and Anne Zerbe, Esquire,[36] both of whom also specialize in employment law to support his hourly fee request.  The Court has reviewed the Mr. Krevsky's attestation to his expertise attached as exhibit to his motion.[37]  It speaks for itself.

In addition to his fees, "Mr. Krevsky seeks an award for paralegal fees at the rate of $125 per hour."[38]  However, I have previously set the paralegal rate in this venire at $90.00.[39]  As such, the fee award will be reduced for all hours expended by Mr. Krevsky's paralegal from $125.00 to $90.00 per hour.

---

[32] *Id.* at 437.

[33] *See Beattie v. Line Mountain Sch. Dist.* 2014 WL 3400975, at *1 (M.D. Pa.  2014); *Nittany Outdoor Advert., LLC v. Coll. Twp.,* 2015 WL 1537616, at *1 (M.D. Pa. 2015); *Joe Hand Promotions, Inc. v. Tickle,*  2016 WL 393797, at *1 (M.D. Pa. 2016); *Keister v. PPL Corp.,* 2016 WL 688031 (M.D. Pa.  2016), aff'd, 677 F. App'x 63 (3d Cir. 2017).

[34] ECF NO. 36 at ¶ 11.

[35] ECF No. 36-2 at 1-4.

[36] ECF No. 36-3 at 1-6.

[37] ECF No. 36-1 at 1-5.

[38] ECF No. 36 at ¶ 17.

[39] *See Keister v. PPL Corp.,* 257 F. Supp. 3d 693, 702 (M.D. Pa. 2016), *aff'd*, 677 F. App'x 63 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 134, 199 L. Ed. 2d 35 (2017).

After modifying both the hours and rates in accordance with the foregoing discussion, the final award for attorney's fees is reduced to $29,584.50. Additionally, Plaintiff is awarded the requested sum of $731.42 in costs. The total award, therefore, is $30,315.92.

AUC and AUCOM will be jointly and severally liable for this amount. "A liability is joint and several when 'the creditor may sue one or more of the parties to such liability separately, or all of them together, at his or her option.'"[40] "Accordingly, 'an assertion of joint and several liability is an assertion that each defendant is liable for the entire amount, although the plaintiff only recovers the entire amount once.'"[41]

## III.    CONCLUSION

Plaintiff's Motion for Attorney's Fees and Costs is granted. Plaintiff is awarded $29,584.50 in attorney's fees and $731.42 in costs.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge

---

[40]   *S.E.C. v. J.W. Barclay & Co.*, 442 F.3d 834, 843 (3d Cir. 2006) *citing United States v. Gregg*, 226 F.3d 253, 260 (3d Cir.2000).

[41]   *S.E.C. v. J.W. Barclay & Co., Inc.* 442 F.3d 834, 843 (3dCir. 2006) *citing Golden v. Golden*, 382 F.3d 348, 355 n. 5 (3d Cir. 2004).